SO ORDERED.
SIGNED 22nd day of August, 2025



THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

*Randal S. Mashburn*
**Randal S. Mashburn**
**Chief U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In Re: ) | |
| ) | |
| BP Retail Partners Inc., ) | Case No. 3:25-bk-03476 |
| BP Retail TX, LLC, ) | Chapter 11 |
| R&R Tenn Real Estate Holdings LLC, ) | Judge Randal S. Mashburn |
| and Corey Edward Robinson, ) | (Jointly Administered)[1] |
| ) | |
| Debtors. ) | |

## ORDER PROVISIONALLY GRANTING JOINT ADMINISTRATION

The above-captioned debtors ("Debtors") have each filed a bankruptcy case under Chapter 11 of the Bankruptcy Code, and they have requested to have their cases jointly administered. Their motion is granted as follows:

1. Joint administration is granted on a provisional basis with BP Retail Partners Inc., Case No. 25-3476, designated as the lead case. Any party objecting to the cases continuing to be jointly administered shall file an objection within 21 days

---

[1] The Debtors' respective tax identification numbers (last four digits) and case numbers are: BP Retail Partners Inc., Tax ID No. 3363, at Case No. 25-3476; BP Retail TX, LLC, Tax ID No. 4493, at Case No. 25-3484; R&R Tenn Real Estate Holdings LLC, Tax ID No. 4489, at Case No. 25-3475; and Corey E. Robinson, SS No. 8728, at Case No. 25-3486. The corporate headquarters and mailing address for BP Retail Partners Inc. is 3801 2nd Ave S Clinton, IA, 52732. The corporate headquarters and mailing address for BP Retail TX, LLC is 216 7th Ave. S. #1, Clinton, IA 52732. The corporate headquarters for R&R Tenn Real Estate Holdings LLC is 501 Union St., Suite 400, Nashville, TN 37219 and the mailing address is 3801 2nd Ave S Clinton, IA, 52732. The mailing address for Corey E. Robinson is 3801 2nd Ave S Clinton, IA, 52732.

of entry of this Order. In that event, a hearing will be scheduled. Otherwise, the cases will remain administratively consolidated until further order of the Court.

2. The joint administration is solely for administrative convenience and efficiency, allowing filings to be made in the lead case without duplication in the other cases. Nothing in this order shall be construed as having any implication for substantive consolidation, future distributions, consideration of any joint plan, or any other matter affecting the substantive rights of creditors and parties in interest. The joint administration shall not affect the Debtors' requirements for filing monthly operating reports and paying fees to the United States Trustee.

3. This order shall be entered in all jointly administered cases. Other than proofs of claims, as provided in paragraph 6 below, all subsequent filings shall be filed only in the lead case. The case style for all filings should be substantially the same as the style of this order, with the names of all four debtors, and including the portion of the footnote that references each of the Debtors' tax identification numbers and case numbers. (Debtors' addresses are not required in the style of the case or footnote in subsequent filings.)

4. If any filing relates to only one of the Debtors, this should be reflected in the caption of the filing. For example:

>MOTION TO APPROVE SALE OF PROPERTY
>(Relates Only to _____.)

5. The Debtors shall maintain, and the Bankruptcy Court shall keep, one consolidated service list for the jointly administered cases. Any notice required to be served upon all creditors must be served on all creditors of all Debtors. Any notice that requires notice to the 20 largest unsecured creditors must include the 20 largest unsecured creditors of each Debtor, any committee appointed in these cases, known counsel for any of the foregoing, and any party requesting notice pursuant to Fed. R. Bankr. P. 2002.

6. Notwithstanding the joint administration of the case dockets, the claims registers for each Debtor shall be kept separate. Proofs of claims shall be filed under the case number of the Debtor(s) alleged to owe the debt.

7. Within three business days of entry, Debtors shall serve this Order via CM/ECF or U.S. mail, as appropriate, upon the U.S. Trustee; the Subchapter V Trustee; all secured creditors; the Debtors' 20 largest unsecured creditors; any known counsel for any of the foregoing; and any party requesting notice pursuant to Fed. R. Bankr. P. 2002.

IT IS SO ORDERED.